Take your time setting up our third case. This morning is No. 24-10084, Rani Bolton et al. v. Inland Fresh Seafood Corporation of America. Mr. Sawyers. May it please the Court, Sean Sawyers on behalf of the Plaintiffs' Appellants. The complaint in this case alleges that the owners of Inland Fresh Seafood Corporation engage in blatant self-dealing by selling the company at an inflated price to their employees' retirement plan, a clear violation of the duties imposed by the Employee Retirement Income Security Act, duties which are the highest known to the law. In ERISA, Congress granted retirement plan participants, like the plaintiffs, a right of action to seek relief for that type of misconduct, stating that an explicit purpose of the statute is to provide... What do we do with the exhaustion of administrative remedies issue and that old case, Mason, from this Court, 1985, what do we do with that? Correct. Well, Mason relies on policy to create an exhaustion requirement for statutory violation claims, and the Supreme Court, its intervening precedents have undermined that to the point of abrogation. Really? Okay. Joan? See, I think you've got, in my opinion, I speak only for myself, I think you've got a good argument that Mason's wrongly decided, but Buck, the case you rely on for abrogation principles, doesn't deal with ERISA, doesn't deal with statutory or breach of fiduciary duty claims, and we have a pretty strict abrogation standard here, for better or for worse. I don't know how you get around the old cases. Well, Your Honor, the essential point of Jones versus Buck is that the judiciary relying on policy to create additional requirements to filing suit that appear nowhere in the statute is improper, and that's exactly what Mason did in imposing this exhaustion requirement for ERISA claims. It wasn't, there's nothing in the text of the Prison Litigation Reform Act that made that, the rules that have been created improper. It was, what was, the fact that there was nothing in the Prison Act imposing that requirement that made it improper, and the same is true of ERISA. There's nothing in ERISA, no prerequisite to filing a claim for breach of fiduciary duty that would require a participant to exhaust administrative remedies. In addition to the Buck case, the Supreme Court's ERISA precedents have repeatedly stressed that the enforcement mechanism set forth in 1132 was carefully crafted, was a result of balancing considerations, balancing competing interests on the employee's interest on the other, and it too does not require any sort of exhaustion. The court has consistently said the court should not tamper with such a carefully crafted enforcement mechanism, and that's exactly what the Mason rule does. It imposes a requirement that's not there. See, that's, this panel, this panel physically say, you know what, the 3rd, 4th, 5th, 6th, 7th, and 10th Circuit got it right, but the 11th Circuit didn't get it right. How does that get done, and what do you rely on? Well, the cases that say that the prior precedent is binding unless and until it has been undermined to the point of aggregation, and so by the Supreme Court. So the cases that I'm referring to here, I think, get there for the panel. But even if, even if the exhaustion requirement remains intact, the second reason the dismissal should be reversed is because exhaustion is an affirmative defense, and that's a way for If we reverse only on that ground, and you're right on that point, and it goes back down, motion to dismiss gets denied on exhaustion grounds, the minute that that order gets entered, they file a motion for summary judgment, they are exhausted, and then you basically crumble, and it's over. And you're not going to get a discovery, which is really what you want to get. You want to push. I'm not saying this in a negative way. You want to push and figure out what was happening that you think was illegal and improperly done. But I don't see how, in this case, requiring the process to go an additional step is really going to help you. I think it could help in two ways. One is that the, aside from discovery on the merits, discovery into the conflicts of interest on the issue of exhaustion would support an argument that it would have been futile to pursue that. And also the That's a different argument than you weren't required to plead it because you didn't receive your complaint. Conditionally, requesting leave to delete it if it wasn't required to be alleged. It's one thing to say, you can't make me plead X, and you can't dismiss my complaint for failure to plead X. It's another thing when you plead X and the court says, you're pleading X is insufficient. And then you're saying, you shouldn't have made me plead X, but you chose to do it. It's sort of a very strange procedural situation. It's strange, but the request was there. It was made explicitly that if we're right on the legal issue that it wasn't required to be alleged, that leave should be granted to delete it. And if it's not required to be alleged, then it has to be resolved on a factual record. And the discovery that could be obtained into the issue of exhaustion would bear upon the court's resolution of it. And the Supreme Court also in another, an ERISA case just decided last month, Cunningham v. Cornell University reiterated that plaintiffs are not required to plead affirmative defenses in the complaint. Let's talk about your third argument, which is that the plan itself excused any exhaustion requirement by stating that participants, quote, need not file a claim to receive a benefit under the plan, end quote, and, quote, may submit a written claim to the committee or seek a review of the committee's benefit determination, end quote. Why do you think that excuses exhaustion? Because it affirmatively tells the participants that they need not file a claim to receive the benefit. And the benefit as defined in this court's case law, land fear, includes the amount that would have been in the account but for a breach of fiduciary duty. So that's the additional amounts that the plaintiffs are seeking can only be obtained by pursuing the 1132A2 claim in federal court. Is that a different argument than the argument, which I think is your fourth argument, based on the summary plan description? Or are they one and the same? Well, they are similar. I think the summary plan description is an issue that was addressed in Watts, where the language in the summary plan description told the participant that it was optional, essentially, to file a claim. But the plan itself wasn't addressed in Watts, but the plan would control over the summary plan description and the fact that it says the claim need not be filed, excuse it in this case. And what it describes as a review of the administrator's benefit determination, it's referring to things like a mistake of fact or a misapplication of the plan's terms. And that's not the claim here. So it simply doesn't apply to the claims that the plaintiffs are making, that there was essentially bad faith on the part of the fiduciaries in selling the company at an overinflated price to the retirement plan. So a mistake of fact, if a claim had been filed, the administrator just would have looked at the plan terms and recalculated the benefit and had the exact same amount. The committee wouldn't have included an additional amount for breach of fiduciary duty, which requires a trial in court and requires imposing personal liability on the wrongdoers, which is something that's just beyond the powers of the committee. This is at the 12B6 stage, so do you only need to plausibly plead that the plan excuses exhaustion? Well, I would submit that we don't have to address it at all because it's an affirmative defense. But if it has to be alleged, then plausibility would be enough to get past the motion to dismiss. And then there's also the argument that if there was no abuse of discretion and not excusing exhaustion, that it should have been stayed in this case because at the time the plaintiffs discovered the basis for their claims, there simply was not enough time to complete the exhaustion requirement. They learned of the facts in September of 2022, and the statute of repose was going to run in November of 2022. So there wasn't enough time. But you requested documents a year before that and didn't get them. We didn't get them. So what was produced was not enough to alert us that there was any sort of overpayment in what was done. How did you find out the information on the basis of the complaint? Further investigation and talking to someone who had inside knowledge. Why couldn't that have been done a year before? We didn't find the person until later. It wasn't for lack of trying. And then the final point is the dismissal, in any case, should have been without prejudice so that the plaintiffs, if it's ultimately affirmed, can go back and pursue exhaustion and then refile the case. All right. Thank you very much. Thank you. Good morning. Thank you, Your Honors. May it please the Court, I'm Theodore Becker on behalf of all defendants' appellants arguing today. I'd like to address a couple of the things that Your Honors discussed with my opponent first. Do you want to do the last one first? Sure. We should send it back and direct the judge to dismiss it without prejudice. Should we do that? No, you should not. Not even that? Not even that. And here's why, Judge Moreno. It's not a very easy one. Well, I think there's an easier one, and that is to simply affirm the district court. Exhaustion is usually something that results in dismissal without prejudice because theoretically you can go back and exhaust and then come back into court, right? That's correct, Your Honor. And why can't they try and do that now? Because they're barred by the statute of limitations. In terms of exhaustion? In terms of? There would be a mighty mark of statute of limitations if they refile a second suit. Right. What if the exhaust in your company says, oh, you're right, we breached our fiduciary duties? Let's make it up to you. I believe that. Would that work for them? Well, Your Honor, I believe that the plan administrator also has the power to decide that the statute of repose is wrung, and therefore they do not. That may well be. Right. But we don't know. Well, that's the problem. You're trying to see for the administrator of the plan when they haven't exhausted, and you say they haven't exhausted, so why shouldn't they be allowed to go back and try to exhaust? And if the administrator says no for X number of reasons, then we'll see how the rest of the case plays out. But it's very odd to have dismissal with prejudice on a failure to exhaust theory. Well, Your Honor, a couple of things there. First of all, as you pointed out earlier during my colleague, my opponent's rather, argument, I think what would really happen if you remanded is that we would point to, first of all, the second amended complaint in which the plaintiffs admit that they did not exhaust their administrative remedies. And then if that can't be disposed of on a 12B6 because Your Honors have remanded it, it would most probably be disposed of on a judgment on a pleadings motion or a motion for summary judgment. They simply waited too long, as Judge Pryor asked, why did you wait all this time? And it was well over a year, a year and a half almost, before they filed the case, when they served a document request on the company and the plan. And they didn't get no response. They got a response which was a reasoned response which pointed out that they were being given, and promptly, the documents that were expressly enumerated in Section 104B4 of ERISA, the documents they were entitled to. And it also included an explanation of why other documents were not being provided and were not required to be provided. It shouldn't have been. Why didn't the docs give them any information about their claims? Well, Your Honor, ERISA, and it's, you know, Congress decided that those were the documents. I'm not understanding that point. Right. You're talking about delay, and I'm asking you, if the company gave them documents 123 and nothing else, I'm asking you how documents 123 helped them figure out that they had a claim. Well, there's been litigation, Your Honor, where if the plaintiffs or the participant makes a document request and doesn't get what they think they're entitled to, then they file suit on that basis. And then if they get those documents, then they can amend that suit, but they preserve the statute of limitations in order to add the claims if they get further documents in that context. They didn't do that. You're answering the question in the way a good lawyer does. Thank you. But the answer to the question is the documents themselves didn't help them at all. They knew what ERISA required but didn't tell them diddly squat about a claim for breach of fiduciary duty. But, Your Honor, that's just You're just saying they should have pursued other remedies. Well, they could pursue the same remedy. They could make allegations if they were in, you know, I mean, if they wanted to Well, Your Honor What it really boils down to, Your Honor, is they should have exhausted their administrative remedies, right? That's why Yeah. I think our precedent binds us, and I think you're right on that point. So as a general matter, let's accept that exhaustion is required for statutory and breach of fiduciary duty claims. Why doesn't the plan plausibly excuse exhaustion given its language? Because the language, as the district court pointed out, cannot reasonably be construed the way that plaintiffs argue. Of course you don't have to file a claim in order to get your benefits. If you feel that you deserve benefits that you didn't get, then you have a right to file the claim. And not only does the plan and the summary plan description and the addendum to the plan point out the procedures and the ways that participants can file claims in exhaustive detail, there is nothing in the plan that says that they're prohibited from pursuing a claim. They simply says to the bulk of participants, which would never have a claim, you don't have to file a claim in order to get your benefits. Your benefits are automatic because they're your benefits. No, it says you may submit a written claim to the committee or seek a review of the committee's benefit determination, but may is permissive. You need not file a claim to receive a benefit under the plan. I agree. That's what it says, Ron, and I think that the district court properly construed it, that that is telling the bulk of participants who don't have a claim that they don't need to file a claim in order to get their benefits. What is it called? Claimants who have had a claim denied. Plaintiffs that are represented by able counsel. What do you mean by counsel? Well, I think it tells them they may file a claim if they think they have a claim, but they have to. It tells them they don't need to file a claim, does it not? Well, I don't think it does, Your Honor. You need not file a claim to receive a benefit under the plan. Right. You may submit a written claim to the committee or seek a review of the committee's benefit determination, but you're not required to. That's correct, Your Honor. But I think that the reasonable interpretation that the district court, in her discretion, decided was the reasonable interpretation, is that was saying you don't have to file a claim to get your benefits, generally. Because otherwise you can't reconcile it with all the pages upon pages of procedures for filing a claim. I think you have to read the document, the plan, and the summary plan description, and the arbitration provision as a whole. And when you look at it in context, to take that one may completely out of context when it's talking to participants who are entitled to benefits and they don't need, they're being told they don't need to file a claim to get them. All right. What about the provisions? My last question about the plan documents. The summary plan description says, quote, if plan fiduciaries misuse the plan's money, ellipsis, you may file suit in a federal court. There's no mention, end quote, and there's no mention of administrative remedies. What does that mean? Well, two things, Your Honor. First of all, again, this plaintiff is represented by counsel. And remember that the plan is our alternative argument as to why they should have exhausted administrative remedies. Our primary argument, as Your Honor agrees, is that that's the law in the Eleventh Circuit. You must exhaust your administrative remedies. So the plan doesn't have to. I mean, plans can opt out of legal requirements and give people more than they're legally entitled to. So you could have a plan, theoretically, that says you don't need to exhaust breach of fiduciary duty claims. Probably plans wouldn't do that, but they could. Your Honor, with all due respect, I'm not sure they could because the Eleventh Circuit says you must, and this is about access to the courts. So if the plaintiff were to file a claim without exhausting it, no. So an ERISA benefit plan. Tell me this. How do ERISA benefit plans that operate across various regional circuit jurisdictions operate with regards to exhaustion for breach of fiduciary duty claims? They let people in the Sixth and the Seventh and Tenth Circuits file without exhausting. They have a different language in the Eleventh Circuit plan because the beneficiaries there can't sue without exhausting. How does that work? I would suspect some do. I don't know is the answer. But simply, like employment law, like a lot of other laws where there's different circuit law, documents are adjusted and plans are adjusted to comply with the law of that circuit. So it wouldn't surprise me if they did. But, you know, they filed a case directly in this court. They did not exhaust their administrative remedies. Exhaustion is a requirement in the Eleventh Circuit. I don't think a judge of the Federal Court in the Eleventh Circuit would say or would be correct if the judge said it's okay because the plan didn't require you to exhaust your administrative remedies, although the Eleventh Circuit does require you to exhaust your administrative remedies. If a plan expressly said, and we don't have to decide this issue, you're suggesting that if a plan expressly said, if you have a breach, we believe in our fiduciary duties and are going to uphold them. And we believe in them so strongly that if you have a breach of fiduciary duty claim, you don't have to exhaust administrative remedies. We're so confident that we behave properly that you can go straight into court. You think a Federal District Judge would not uphold that plan language? I think that the Federal District Judge would err if the Federal District Judge did so because the Eleventh Circuit says… Is ERISA contractual in nature? ERISA is both contractual and statutory, of course. And ERISA says that… There's nothing in the statute about exhaustion. Well, no, there is something in the statute about exhaustion. It's in 502A1. With regard to that? Yes. With regard to breach of fiduciary duty and other statutory claims? But the Eleventh Circuit defines benefit claims as including breach of fiduciary duty claims. That's a false distinction. And all you need to do to persuade yourself of that is to read the first several pages of the plaintiff's Second Amendment complaint and their briefing and what my opponent said this morning, which is that the money that goes in or would be recovered if they were successful on a breach of fiduciary duty claim goes to the plan and then to the participant's accounts. So it's all money. It's all benefits. Anything that comes out of a participant account is a benefit. So I don't think there's a valid distinction between benefits claims and other types of claims. And that's particularly true, of course, we know in the Eleventh Circuit with Landfare where it expressly says it's all ERISA claims. It's not just so-called benefit claims. You answered my question. All right. Does anyone else have any questions I'd be happy to answer? Questions? How do we get this to the Supreme Court or to the embankment of the Eleventh Circuit? Well, ask the plaintiff because I think that's the intention of this case. I mean, when you say that you're bound by the Eleventh Circuit precedent, but that precedent is the opinion of somebody grievously wrong and should be reviewed by the en banc court at the first opportunity. It's pretty simple to do. I think that's what the plaintiffs would like you to do. They'd like nothing better than that. And I'd like to find out what the Supreme Court would say about it, but the truth is it's not that case, Your Honor. This is not that case. This is a very simple case. The plaintiffs knew about an exhaustion requirement. They didn't file it. They didn't exhaust it at all. The plaintiffs waited until like the moment almost before the statute of repose, not just the three-year statute of limitations under ERISA, expired. And they ignored that. They didn't do what they should have done for a year and a half after they admittedly represented these plaintiffs, do further investigation, meaningful investigation, file a lawsuit. And then when we raised on their first complaint that they had failed to exhaust their administrative remedies, they doubled down. They filed a second amendment complaint that basically thumbed its nose at the court, that said, well, yeah, we didn't exhaust them, admitted we didn't exhaust them, but then they said, well, we don't have to because it would be futile, which flies in the face of several 11th Circuit cases and also district court cases within the 11th Circuit that we cite, that the potential of a conflict is not futility. And, you know, if they were filing, if they had exhausted their administrative remedies, the Perino case lists all of that, the many reasons why the exhaustion requirement exists. And if they had done that, we know the answers that we don't know now, and that's why the case should be dismissed and stay dismissed. All right. Thank you very much. Thank you, Your Honors. Mr. Becker's last point that the plaintiffs thumbed their nose at the exhaustion requirement, I submit that the defendant never would have raised the issue if they weren't opportunistically trying to take advantage of the statute of repose. We have, my firm has filed other fiduciary breach cases in this circuit,  in which exhaustion was not pleaded, but there was no statute of limitation issue, and the defendant didn't even bother to raise it. Lawyers use every possible arrow in the quiver to represent their clients, and if they think they have a statute of repose issue available to them and the way to get there is through lack of exhaustion, of course they're going to do it, especially if circuit law at least arguably supports them. Agreed, Your Honor. However, the purpose of the exhaustion requirement is not to allow the defendant to take advantage of a substantive statute of limitations offense. It's to resolve claims and things of that nature, and that goes to our point about why it should have been stayed under these circumstances. Benefits cases, there is a distinction, and the distinction is whether the claim arises from the language of the plan or the statute itself. A benefits claim is one based on the terms of the plan, and a statutory claim is based on the substantive fiduciary duty. Even Mason recognized that the exhaustion language in Section 1133, requiring a review procedure, is limited to participants whose claim for benefit has been denied, and that's not what the fiduciary breach claim is. And the cases, the Supreme Court, like McCutcheon, have said that parties can contract on many different types of procedural issues, so if a plan said that exhaustion was not required, that would trump any sort of case law that says if a plan requires it, then the plan must exhaust. Mr. Becker referred to the district court's discretion to interpret the plan, but I think that misstates the standard of review because the interpretation of a contract should be de novo, and there's no discretion to misinterpret the language. And even if the need not file language didn't excuse exhaustion, the description of the type of claim that can be filed with the administrator referring to mistakes of fact and application of plan terms simply did not apply to the claims here. If there's no other questions, we'd ask that the dismissal be reversed.